IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIAN CHIARIZIO, #1664405, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-266-WHA |
| KAY IVEY, et.al, | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff, a state inmate, filed this 42 U.S.C. § 1983 action challenging the constitutionality of conditions at the Red Eagle Honor Farm in light of the coronavirus pandemic, otherwise known as COVID-19. The plaintiff sought issuance of a preliminary injunction with respect to the claims presented in this action. Doc. 2 at 17. However, when filing this case he did not file the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis* nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk at Red Eagle regarding the average monthly deposits and average monthly balance in his inmate account for the six-month period prior to filing this case. Thus, the pleadings filed by the plaintiff failed to provide the court with the information necessary for a determination of whether he should be allowed to proceed without prepayment of fees in this cause of action.

Based on the foregoing, the court entered an order requiring the plaintiff to "file either the appropriate affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by a prison account statement from the account clerk at Red Eagle showing the average monthly balance in plaintiff's prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to plaintiff's account during the past six months ***or***, if he does not seek *in forma pauperis* treatment, the $400 filing/administrative fees." Doc. 4 at 1–2 (emphasis in original). The order also specifically cautioned the plaintiff "that if he fails to comply with this order the Magistrate Judge will recommend that this case be dismissed." Doc. 4 at 2. In addition, "[t]o aid the plaintiff in complying with this order, the [court] DIRECTED [the Clerk] to furnish him with a copy of the form affidavit used by persons seeking to proceed *in forma pauperis* before this court." Doc. 4 at 2. The time for the plaintiff to file a response to this order expired on May 15, 2020. Doc. 4 at 1.

As of the present date, the plaintiff has filed neither an application for leave to proceed *in forma pauperis* accompanied by the requisite financial information nor the fees attendant to proceeding in this civil action. Absent either pre-payment of the requisite fees or the granting of *in forma pauperis* status, this case cannot proceed before this court. The undersigned therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey

an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102. In addition, under the circumstances of this case, the court further finds that the plaintiff's motion for preliminary injunction should be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction be DENIED.

2. This case be DISMISSED without prejudice for the plaintiff's failure to file an application for leave to proceed *in forma paupers* accompanied by necessary financial information or the requisite fees as ordered by this court.

On or before **June 26, 2020** the plaintiff may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party

from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12th day of June, 2020.

/s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE